UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDREW T. HUDSON | ) | CASE NO. 15-32354(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| WYETH AKELEY | ) | |
| | ) | |
| Plaintiff | ) | AP NO. 15-3064 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW T. HUDSON | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss Adversary Proceeding filed by Debtor Andrew T. Hudson ("Debtor"). Debtor seeks dismissal of the adversary proceeding filed against him by the Plaintiff Wyeth Akeley ("Plaintiff"). The Court considered the Debtor's Motion and Supporting Memorandum of Law, the Plaintiff's Response and Opposition to Debtor's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgment, the Debtor's Response to the Motion for Summary Judgment, Plaintiff's Reply to Debtor's Response to the Motion for Summary Judgment and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Debtor's Motion to Dismiss the Adversary Proceeding and **DENY** the Plaintiff's Cross-Motion for Summary Judgment. An Order denying both Motions is attached to this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 27, 2015, Plaintiff initiated this adversary proceeding with the filing of a Complaint for Nondischargeability pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6).

Plaintiff and Debtor were equal partners in a business entitled Hudson Homes, LLC ("Hudson Homes"). Plaintiff and Debtor were also involved in a personal relationship. Plaintiff provided the startup funds for the business by taking out a second mortgage on a home that Debtor and Plaintiff jointly owned (although Plaintiff had paid all equity, renovations and the first mortgage). In return, Debtor was to manage and run the business, a store that sold home furnishings, as well as the Debtor's design services.

In April/May of 2012, Debtor expressed his desire to end the parties' personal relationship, as well as a desire to assume full ownership of Hudson Homes.

Plaintiff alleges that during late summer of 2012, Plaintiff and Debtor reached an agreement whereby Plaintiff would turnover his 50% ownership of the business to Debtor in return for an installment note from Debtor.

On September 21, 2012, Debtor and Plaintiff executed a Loan Agreement for $53,724.84 which represented Plaintiff's original capital investment from the home equity loan, as well as the amount owed on two credit cards that Plaintiff had allowed Debtor to use to purchase inventory for the business. According to the Loan Agreement, Debtor was to begin making monthly payments of $642.44 on October 5, 2012 and continue until September 5, 2020.

Once the Loan Agreement was signed, the parties filed an Amended Annual Report with the Kentucky Secretary of State removing Plaintiff's name as an owner/officer of Hudson Homes.

In October or November 2012, Defendant sold all inventory of Hudson Homes and closed the store in November or December 2012.

Debtor defaulted on the Loan Agreement in February 2013, after making only four payments.

On March 19, 2013, Plaintiff filed suit against Debtor on the Loan Agreement in Jefferson Circuit Court. Defendant failed to answer or otherwise respond to the Complaint and Plaintiff obtained a Default Judgment on April 16, 2013.

Debtor filed his Chapter 7 Petition on July 23, 2015.

In support of his nondischargeability action under § 523(a)(2), (4) and (6), Plaintiff alleges the following facts in support of his claims:

1) That Plaintiff was induced to relinquish his 50% ownership interest in Hudson Homes to Debtor based upon Debtor's verbal misrepresentations that he intended to continue operating Hudson Homes as a going concern;

2) That Debtor failed to disclose that he either had obtained or was searching for full-time employment elsewhere;

3) That Plaintiff would not have relinquished his ownership share in Hudson Homes had he known of Debtor's intent to find other employment;

4) That Plaintiff justifiably relied on Defendant's misrepresentations regarding his intent to continue operating Hudson Homes to his detriment.

5) That at the time Plaintiff transferred his interest in Hudson Homes to Debtor, Debtor owed him a fiduciary duty as a member of Hudson Homes, LLC, that Debtor breached his fiduciary duty by misrepresenting and/or failing to disclose his future intentions regarding closing Hudson Homes, LLC.

On November 29, 2015, Debtor filed an Answer to the Complaint. Debtor specifically denied all material allegations of the Complaint and specifically denied all allegations regarding his intent to abandon the business and/or that he made any misrepresentations to the Plaintiff for the purpose of obtaining control of Hudson Homes and liquidating the business assets after gaining control of the business. Debtor also denied all alleged misrepresentations by him meant to induce the Plaintiff to sign the Loan Agreement.

## LEGAL ANALYSIS

### A. Debtor's Motion to Dismiss the Adversary Proceeding.

Debtor's Motion to Dismiss is based upon his assertion that even if all allegations of the Complaint are accepted as true or construed in the light most favorable to the Plaintiff, the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings under Rule 7012(b) of the Federal Bankruptcy Rules of Procedure.

Debtor relies on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In that case, the Supreme Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. (even if doubtful in fact) (citations omitted).

Initially, as Plaintiff correctly points out, the Motion to Dismiss may be untimely because the Plaintiff filed an Answer to the Complaint four months prior to the filing of the Motion to Dismiss. *See Stevens v. Showalter*, 458 B.R. 852, 856-57 (D. Md. 2011). The Court, however, finds

-4-

that while the Motion to Dismiss was untimely, the Court will consider it due to the Court's desire to resolve matters in dispute on the merits.

### 1. 11 U.S.C. § 523(a)(2).

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt "for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Three separate grounds for dischargeability are included under § 523(a)(2)(A): false pretenses, false representations and actual fraud. In Plaintiff's Response to the Motion to Dismiss, Plaintiff asserts that his claim under the statute is based on "actual fraud."

Actual fraud has been defined as "intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *In re Vitanovich*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) (quoting *United States v. Lichota*, 351 F.2d 81, 90 (6th Cir. 1965)).

In order for the Plaintiff to survive Debtor's Motion to Dismiss for failure to state a claim upon which relief can be granted, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations are true, even if doubtful in fact. Here, the allegations of the Complaint regarding Debtor's alleged misrepresentations that he intended to continue operating Hudson Homes as a going concern, when in fact he had obtained another job and intended to sell the assets, if accepted as true, as the Court is required to do in ruling on a Motion to Dismiss, are sufficient allegations to state a claim under 11 U.S.C. § 523(a)(2). Each element of the claim is met in the factual allegations of the Complaint. Therefore, the Complaint sufficiently states a claim under § 523(a)(2).

### 2. **11 U.S.C. § 523(a)(4).**

Next, Plaintiff asserts a claim under 11 U.S.C. § 523(a)(4). This section excepts from discharge any debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." Plaintiff relies on the same conduct and misrepresentations used in support of the (a)(2) claim for his claim under (a)(4). At the time the alleged misrepresentations were made by the Debtor, the Complaint asserts both were members of an LLC and under Kentucky law such members owe one another a fiduciary obligation of full disclosure on matters affecting any member. KRS 275.185(3). The Complaint asserts that by misrepresenting his future intentions, Debtor committed fraud and or defalcation while acting in a fiduciary capacity. Although Plaintiff must prove the existence of a technical or express trust to succeed on the defalcation portion of this claim, at this stage, the factual allegations of the Complaint are sufficient to state a claim under § 523(a)(4). *See*, *In re Garver*, 116 F.3d 176 (6th Cir. 1997). Therefore, the Motion to Dismiss must be denied as to this Count of the Complaint.

### 3. **11 U.S.C. § 523(a)(6).**

The final claim under § 523(a)(6) excepts all debts from discharge that are for "willful and malicious injury by the debtor to another entity or to the property of another entity." Such an injury is willful and malicious where "the actor desires to cause the consequences of his act, or believes that the consequences are substantially certain to result from it." *In re Kennedy*, 249 F.3d 576, 580 (6th Cir. 2001). Again, to the extent Plaintiff relies on the same allegations and that the alleged misrepresentations were willful and done with intent to cause the Plaintiff to rely on them to turn over his interest in Hudson Homes, and that Defendant intended the resulting injury to Plaintiff or his property, then a claim for willful and malicious injury under 11 U.S.C. § 523(a)(6) has been

stated. The allegations of the Complaint are sufficient to state a claim under 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6). Therefore, the Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) must be denied.

### B. **Plaintiff's Cross-Motion for Summary Judgment.**

In response to the Debtor's Motion to Dismiss the Adversary Proceeding, the Plaintiff filed his Response in Opposition to Debtor's Motion to Dismiss, and Plaintiff's Cross-Motion for Summary Judgment. In support of the Response, Plaintiff filed references to discovery responses, depositions, pleadings and affidavits and transcripts from Debtor's § 341 meeting. Under Fed.R.Civ.P. 12(d), made applicable to adversary proceedings in Rule 7001(2)(b) of the Federal Rules of Bankruptcy Procedure:

> . . . when matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Plaintiff relies on this Rule in requesting the Court to view his Opposition and the attached materials to the Motion to Dismiss as a Motion for Summary Judgment.

Normally, Rule 12(d), cited above refers to the situation where the party files a motion to dismiss and supports the motion with matters outside the pleadings. Here, the Plaintiff filed matters outside the pleadings for the Court to review in regard to his Opposition to the Motion to Dismiss. The Court was able to consider the Debtor's Motion to Dismiss and rule on that Motion without reference to the matters referenced by the Plaintiff that are outside the pleadings.

In the matter at bar, the Court will consider the materials and Plaintiff's request for summary judgment on his claims in the Complaint. The Debtor was afforded adequate opportunity to respond to the Motion and there is no prejudice to either parties' procedural rights.

> Under Rule 7056,
>
> the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The moving party has the initial burden of specifying the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant meets this burden, the burden then shifts to the non-movant to produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In ruling on the Motion for Summary Judgment, the Court must first analyze whether Plaintiff, as the movant, met his burden under the above authority. Plaintiff declares that he is entitled to judgment as a matter or law on his claims that the debt owed him by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6). While the Plaintiff sufficiently met his burden to overcome the Debtor's Motion to Dismiss, the record does not support Plaintiff's claim that he is entitled to summary judgment as a matter of law on all claims of his Complaint, as there are genuine issues of material fact on each claim.

As a defense to Plaintiff's Motion for Summary Judgment, Debtor asserts that Plaintiff is barred from raising any of the claims asserted in the Complaint based on the doctrine of issue preclusion, citing *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 135 S. Ct. 1293 (2015). Debtor contends that Plaintiff should have raised any fraud claims based on the Loan Agreement in the state court lawsuit.

Plaintiff correctly states that even though the state court action was based on Debtor's default under the Loan Agreement, and not fraud, Plaintiff is not precluded from raising these claims in this

-8-

adversary proceeding. Even though a creditor may have reduced its claim to judgment in state court, this does not bar further inquiry into the true nature of the debt by a bankruptcy court. The creditor is entitled to raise many potential defenses, such as fraud, although not raised in state court, as a defense or objection to the debtor's request for relief in bankruptcy. *See Brown v. Felsen*, 442 U.S. 127, 138-39 (1979) (*res judicata* does not prevent the bankruptcy court from going beyond the state court record to determine whether a debt resolved by a consent judgment was obtained by fraud); *see also Archer v. Warren*, 538 U.S. 314 (2003) and *In re Moran*, 413 B.R. 168 (Bankr. D. Del. 2009) (wherein creditor allowed to raise claims of fraud and breach of fiduciary duty in a nondischargeability action, although state court judgment was based on breach of contract and breach of trust).

Issue preclusion or collateral estoppel may apply, however, in a bankruptcy proceeding. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). The bankruptcy court looks to applicable state law on applying issue preclusion. In Kentucky, issue preclusion bars the same parties from relitigating an issue actually litigated and finally decided in another prior action. The issues in both must be identical, the issue must have been litigated, the issue must have been actually decided in that action and the issue must have been necessary to the Court's judgment. *Miller v. Administrative Office of Courts*, 361 S.W.3d 867 (Ky. 2011).

Here, the state court action was a simple breach of contract action on the Loan Agreement. Debtor did not answer the Complaint and a default judgment establishing the debt was entered. The elements of issue preclusion are not met by the state court default judgment and Plaintiff is not precluded from raising those issues in this adversary proceeding.

### 1. **Claim Under § 523(a)(2).**

In order to successfully establish a claim under § 523(a)(2), Plaintiff must show that the Debtor committed actual fraud based on the Debtor's material misrepresentations that Debtor knew were false or made with gross recklessness as to their truth; that Debtor intended to deceive the Plaintiff; that the Plaintiff justifiably relied on the misrepresentations and that this reliance was the proximate cause of his loss. *In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998). In support of this claim, Plaintiff contends that the Debtor induced him to relinquish his 50% ownership interest in Hudson Homes based on his false representations that he would continue operating Hudson Homes as a going concern. Debtor, however, in his answer to the Complaint, denies ever having any such intent. Plaintiff, however, relies on the totality of the circumstances to prove Debtor's subjective intent on this point, which *Rembert* allows. The Court may determine whether all the evidence leads to the conclusion that it is more probable than not that Debtor had the requisite fraudulent intent required to prove this element of his claim.

The Court reviewed the materials supplied by Plaintiff in support of this claim and does not find them sufficient for Plaintiff to carry his summary judgment burden regarding the Debtor's intent as required under Section 523(a)(2). The evidence filed in support of the Motion for Summary Judgment does not overwhelmingly lead this Court to conclude that Debtor's subjective intent was to defraud the Plaintiff out of his 50% ownership interest. Thus, the burden did not shift to the Plaintiff to disprove these facts. Therefore, the Court believes these matters are best proven at trial. Accordingly, the Court cannot grant summary judgment on Plaintiff's claim under Section 523(a)(2).

-10-

> In the case of *In re Copeland*, 291 B.R. 740 (Bankr. E. D. Tenn. 2003), the Court stated:
>
> A debtor's fraudulent intent 'may be inferred from the totality of the circumstances. The bankruptcy court must consider whether the totality of the circumstances presents a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.' The court may consider not only the debtor's conduct at the time of the representations, but may consider subsequent conduct, to the extent that it provides an indication of the debtor's state of mind at the time of the actual representations.

*Id.* at 766 (quoting *Wolf v. McGuire (In re McGuire)*, 284 B.R. 481, 492 (Bankr. D. Co. 2002). The facts and evidence cited by the Plaintiff in support of this claim may infer intent other than that claimed by the Plaintiff in the Complaint. Specifically, the Debtor's actions relied upon by Plaintiff, may be construed as those consistent with an individual running a financially distressed business. Therefore, genuine issues of fact exist on this claim and must be determined at trial.

### 2. Claim Under 11 U.S.C. § 523(a)(4).

The Plaintiff also seeks summary judgment on his claim for relief based on 11 U.S.C. § 523(a)(4), which excepts from discharge debts based on fraud or defalcation while the debtor is acting in a fiduciary capacity. Plaintiff's Complaint at ¶ 53 states that based on Debtor's "fraud and/or defalcation," the claims are nondischargeable pursuant to 11 U.S.C. § 523(a)(4). The Motion for Summary Judgment, however, only addresses the defalcation claim. Controlling Sixth Circuit authority limits the scope of claims based on the defalcation portion of the statute to situations involving "trustees who misappropriate funds held in trust. . . ." *In re Balszak*, 397 F.3d 386, 391 (6th Cir. 2005). Claims based on a failure to meet an obligation under a common law fiduciary relationship will not give rise to a nondischargeability judgment under 11 U.S.C. §523(a)(4). *Id.* at 391. Thus, to obtain a judgment excepting a debt from discharge under this statute, the defalcation

-11-

provision, a creditor must establish the existence of a fiduciary relationship arising from the presence of an express or technical trust.

In the matter at bar, Plaintiff may have established a fiduciary relationship between members of an LLC, but nothing here establishes that funds were misappropriated by the Debtor that were subject to a trust imposed by Kentucky statutes. Plaintiff has not established that Debtor was a trustee, under either a technical trust or an express trust, from which Debtor allegedly misappropriated funds. This failure prohibits the Plaintiff from obtaining summary judgment as a matter of law.

In the absence of a trust, a debtor's failure to comply with his or her fiduciary duties in and of itself does not constitute defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). *In re Ichida*, 434 B.R. 852, 862 (S.D. Ohio 2010). The Sixth Circuit noted in *In re Garver*, 116 F.3d 176, 179 (6th Cir. 1997), "[t]he mere failure to meet an obligation while acting in a fiduciary capacity simply does not rise to the level of defalcation; an express or technical trust must also be present.". The undisputed facts alleged by the Plaintiff herein do not support a claim to summary judgment on this claim as a matter of law. Therefore, the Court must deny Plaintiff's Motion for Summary Judgment.

### 3. Claim Under 11 U.S.C. §523(a)(6).

Finally, the Plaintiff is not entitled to summary judgment as a matter of law on his claim under §523(a)(6) for willful and malicious injury. In order to prevail on this claim, a creditor must establish that the obligation in question stems from a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Applying *Geiger*, the Sixth Circuit held that "unless the actor desires to cause the consequences of

his act, or . . . believes that the consequences are substantially certain to result from it," he has not committed a "willful and malicious injury" as defined under § 523(a)(6). *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999). Considering the element of intent involved in 11 U.S.C. § 523(a)(6) claims, the Court finds that this claim for summary judgment is inappropriate. *See In re Ruhe*, 2005 WL 4030037 at 2 (Bankr. S.D. Ohio June 21, 2005) (holding state of mind issues are generally inappropriate for summary judgment).

The Court determines that the record is insufficient at this stage to resolve this claim on a Motion for Summary Judgment. Accordingly, Plaintiff's Motion for Summary Judgment on his claim raised under 11 U.S.C. § 523(a)(6) must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order denying the Debtor's Motion to Dismiss and deny the Plaintiff's Motion for Summary Judgment. An Order incorporating the findings herein accompanies this Memorandum-Opinion. By separate Order, the Court will set this matter for a telephonic pretrial conference for the purpose of scheduling this matter for trial.

*Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 2, 2016

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDREW T. HUDSON | ) | CASE NO. 15-32354(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| WYETH AKELEY | ) | |
| | ) | |
| Plaintiff | ) | AP NO. 15-3064 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW T. HUDSON | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Adversary Proceeding filed by Debtor Andrew T. Hudson, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Cross-Motion for Summary Judgment of Plaintiff Wyeth Akeley, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 2, 2016